IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MIRIAM CLARKE, et al.,** } | |
| } | |
| **Plaintiffs,** } | |
| } | |
| v. } | Case No. 2:06-cv-0656-RDP |
| } | |
| **ELI LILLY AND COMPANY, et al.,** } | |
| } | |
| **Defendants.** } | |

### MEMORANDUM OPINION

The court has before it the following motions: (1) Defendant Wayne Gossman's Motion to Dismiss (Doc. # 9) filed April 5, 2006; (2) Plaintiffs' Motion for Reconsideration and Request for an Expedited Ruling on Motion to Remand (Doc. # 11) filed April 5, 2006; (3) Plaintiffs' Motion to Remand (Doc. # 12) filed April 5, 2006; and (4) Plaintiffs' Motion to Amend/Correct Complaint (Doc. # 19) filed April 13, 2006. The motions have been fully briefed, and the court held a telephone conference in this case on May 2, 2006. For the reasons outlined below, the court finds that both Plaintiffs' motion for reconsideration/request for expedited ruling and motion to remand are due to be granted. Given that it lacks jurisdiction over this case, the court cannot rule on the other pending motions.

I.  **INTRODUCTION AND PROCEDURAL HISTORY**

In this lawsuit filed on February 28, 2006 in the Circuit Court of Jefferson County, Alabama, against Defendants Eli Lilly and Company ("Eli Lilly"), Pfizer, Inc. ("Pfizer"), Willard Mosier, M.D., Wayne Gossman, M.D., and Jason Smith, M.D, (collectively, the "Defendant Doctors"), Plaintiff Miriam Clarke alleged that she sustained serious injuries as a result of her use of the prescription medications ZYPREXA and GEODON for the treatment of certain disorders including

bipolar disorder and schizophrenia. (Doc. # 1, Ex. A).[1]  Plaintiffs' complaint alleges both: (1) state law claims against all Defendants, including violations of the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD"), breaches of various warranties, negligence, fraud, and unjust enrichment; and (2) state law medical malpractice claims against the Defendant Doctors based on their alleged "negligent[], wanton[], and/or wrongful[]" prescription of the subject drugs "with actual and/or constructive knowledge of the risks and dangers associated with the use" of those drugs. (Doc. # 1, Ex. A).

On March 20, 2006, one of the Defendant Doctors, Jason Smith, filed a motion to dismiss alleging improper venue and failure to state a claim upon which relief could be granted. (Doc. # 23, Ex. A).  After Plaintiffs filed an objection to the motion setting forth substantive grounds for the motion's denial, Circuit Judge Caryl P. Privett denied Dr. Smith's motion to dismiss. (Doc. # 23, Ex. B).

On April 3, 2006, Eli Lilly removed this case to this court on the basis of diversity jurisdiction and fraudulent joinder with respect to the resident defendants sued by Plaintiffs. (Doc. #1).  On this same date, Eli Lilly also filed a motion requesting that this court stay all proceedings pending a transfer decision by the Judicial Panel on Multidistrict Litigation ("MDL"). (Doc. #4). Although the court initially stayed the proceedings, Plaintiff thereafter filed a Motion for Remand and a Motion for Reconsideration and Request for an Expedited Ruling on the Motion to Remand. (Docs. # 11, 12).

## II.  APPLICABLE LEGAL PRINCIPLES

The law is clear that the burden of establishing subject matter jurisdiction for the purpose of

---

[1] Plaintiff Luke Clarke asserts a derivative loss of consortium claim.  (Doc. # 1, Ex. A).

removal to this court is on the removing defendants. *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). In *Crowe v. Coleman*, 113 F.3d 1536 (11th Cir. 1997), the Eleventh Circuit addressed the issue of removal based on diversity jurisdiction when, as here, it is alleged that a non-diverse defendant has been fraudulently joined:

> In a removal case alleging fraudulent joinder, the removing party has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court. *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989). The burden of the removing party is a 'heavy one.' *B. Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. Unit A 1981).

*Crowe*, 113 F.3d at 1538.[2] The standard is onerous because, absent fraudulent joinder, a plaintiff has the absolute right to choose her forum. That is, courts must keep in mind that the plaintiff is the master of her complaint and has the right to choose how and where she will fight her battle. *Parks v. The New York Times Co.*, 308 F.2d 474, 478 (5th Cir. 1962) ("[A]bsent fraudulent joinder, plaintiff has the right to select the forum, to elect whether to sue joint tortfeasors and to prosecute his own suit in his own way to a final determination.").

"A claim of fraudulent joinder must be pleaded with particularity, and supported by clear and convincing evidence." *Parks*, 308 F.2d at 478 (citations omitted). Although affidavits and depositions may be considered, the court must not undertake to decide the merits of the claim while deciding whether there is a *possibility* that a claim exists. "When considering a motion for remand,

---

[2]Under the second prong of the fraudulent joinder test, the court must determine whether Plaintiffs have fraudulently pled facts relating to a party's citizenship in an effort to avoid diversity jurisdiction. No issue related to this prong exists in this case. Accordingly, the court limits its analysis to the first inquiry. In relation to that issue, the parties are in agreement that the appropriate standard for the court to apply is whether there is any possibility that Plaintiff can establish a cause of action against the non-diverse Doctor Defendants. *Cabalceta*, 883 F.2d at 1561.

federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." *Crowe*, 113 F.3d at 1538 (citing *B. Inc., v. Miller Brewing Co.*, 663 F.2d 545, 548-49 (5th Cir., Unit A 1981)). Therefore, "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Crowe*, 113 F.3d at 1538 (internal quotations omitted). It is clear that a plaintiff "need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." *Tillman v. R.J. Reynolds Tobacco*, 253 F.3d 1302, 1305 (11th Cir. 2001) (internal quotations omitted).[3]

## III. SUBSTANTIVE ANALYSIS

As an initial matter, the court notes that, at the request of Eli Lilly and prior to the filing of Plaintiffs' motion for remand, it stayed this case pending transfer to the MDL. However, after a review of Plaintiffs' motions for reconsideration and remand, the court has decided that the facts of this case are sufficiently unique that the issues raised by Plaintiffs' motion to remand would not be best resolved by an MDL transferee court. This is not a case in which Plaintiffs have sought to add a non-diverse individual defendant after the case was removed in a clear effort to defeat diversity. Instead, as noted earlier, Plaintiffs initially brought suit against the non-diverse Defendant Doctors

---

[3] The Eleventh Circuit has clarified that for a claim to be "arguable" against an in-state defendant, the plaintiff need not show that she could survive in the district court a motion for summary judgment filed by that in-state defendant. *Crowe*, 113 F.3d at 1541-42. The burden "is much lighter than that: after drawing all reasonable inferences from the record in the plaintiff's favor and then resolving all contested issues of fact in favor of the plaintiff, there need only be 'a reasonable basis for predicting that the state law *might* impose liability on the facts involved.'" *Crowe*, 113 F.3d at 1541-42 (citation omitted).

4

as part of their state court complaint, and prior to Defendants' removal on the basis of fraudulent joinder, a state court judge rejected one of the non-diverse Defendant Doctor's argument that Plaintiff's complaint fails to state a claim against him.  Against this backdrop, the court finds it appropriate to consider Plaintiff's arguments on remand because it is uniquely situated to rule on the motion to remand and at least equally qualified to assess the application of Alabama law to this case vis-á-vis the potential transferee court (the Eastern District of New York).

As already noted, the only issue before this court is whether Plaintiffs have a *possibility* of stating a valid cause of action against at least one non-diverse Defendant.  In support of its fraudulent joinder argument, Eli Lilly challenges Plaintiffs' ability to state medical malpractice claims against the Defendant Doctors for two reasons: (1) Plaintiffs' allegations are "conclusory and rendered impossible by their factual allegations;" and (2) Plaintiffs' allegations fail to state a claim upon which relief can be granted because they do not comply with the pleading requirements of the Alabama Medical Liability Act ("AMLA").  (Doc. # 23).

As the court noted earlier, Judge Privett has apparently already rejected these arguments as they relate to Plaintiffs' claims against Dr. Smith.  (Doc. # 23, Exs. A, B).  While not dispositive, the court certainly finds Judge Privett's ruling persuasive.[4]  Nonetheless, the court will address Eli

---

[4] During the May 2, 2006 telephone conference, counsel for Eli Lilly attempted to convince the court that Judge Privett's denial of Dr. Smith's motion was not, in fact, a ruling that the claims asserted against Dr. Smith stated a claim upon which relief could be granted. In support of this argument, Eli Lilly contends that there is a "common practice" in Jefferson County state courts "for defendants to file a terse Motion to Dismiss in place of a Notice of Appearance and/or an Answer [to gain an] automatic extension of time to file an Answer." (Doc. # 23, at 10).  After the telephone conference, counsel for Eli Lilly submitted for consideration an affidavit from The Honorable J. Scott Vowell, Presiding Judge over the Tenth Judicial Circuit of Alabama, which opines that Rule 12(b)(6) motions that waive oral argument, like the motion in this case, typically are filed only to make the entry of an appearance to avoid a default judgment and typically are automatically denied. (Doc. # 30, Ex. 1).  Judge Vowell further opined that, in his experience, such automatic denials are

Lilly's arguments, bearing in mind the Eleventh Circuit's admonishment that this court should not delve into the merits of Plaintiffs' claims "beyond determining whether [they are] arguable" under Alabama law. *Crowe*, 113 F.3d at 1538.

Both of Eli Lilly's fraudulent joinder arguments center on its contention that Plaintiffs' complaint fails to make specific factual allegations regarding actions taken by the Defendant Doctors, even though the complaint alleges that they "undertook to provide medical services and/or treatment to the Plaintiff, Miriam Clarke," and that they "negligently, wantonly and/or wrongfully prescribed and/or provided samples of the brand-name prescription drugs ZYPREXA and GEODON to the Plaintiff with actual and/or constructive knowledge of the risks and dangers associated with the use of ZYPREXA and GEODON." (Doc. # 1, Ex. A, at ¶¶ 84-85). Eli Lilly first maintains that

---

not judicial determinations of the merits of the motion. (Doc. # 30, Ex. 1). Counsel for Eli Lilly has asked this court not only to take judicial notice that such a practice exists, but also to presume that it served as the basis of Judge Privett's ruling denying Dr. Smith's motion to dismiss (rather than a finding by Judge Privett that Plaintiffs' complaint states a viable claim against Dr. Smith). (Doc. # 23, at 10).

Counsel's proposal raises some very real concerns. Even if, as Eli Lilly and Judge Vowell suggest, there has been a practice in Jefferson County Circuit Court of filing Rule 12(b)(6) motions in order to buy more time to file an answer, that does not mean that Judge Privett did not consider Dr. Smith's Rule 12(b)(6) motion on its merits, especially given that Plaintiffs substantively responded to the motion before it was denied. This court simply is not inclined to take judicial notice of a "fact" which necessarily presumes that Judge Privett did not fulfill her judicial duty to appropriately consider a motion pending in her court. If the court is to presume anything, it must presume regularity and that Judge Privett fully complied with her judicial duty. Furthermore, Eli Lilly's argument (that counsel for Dr. Smith filed a 12(b)(6) motion only as a means to seek additional time to answer) also necessarily suggests that Dr. Smith's attorney concluded that Plaintiffs' claims were due to be defended on the merits, as evidenced by his decision to use his "one shot" at a 12(b)(6) argument to file a pro forma motion instead of a "serious" motion to dismiss. The court is not relying on such an assumption here but offers it to show that assumptions and presumptions can work in both directions and what can happen when one assumes.

In any event, the court will consider Judge Privett's ruling for what it purports to be – a persuasive, but not dispositive, ruling that Plaintiffs' complaint states a claim upon which relief can be granted against non-diverse Defendant Doctor Smith.

without specific factual support for their claims, Plaintiffs cannot argue, on one hand, that the Defendant Doctors committed malpractice by negligently, wantonly, or wrongfully prescribing the subject drugs, while "inconsistently" alleging, on the other hand, that the risks of the subject drugs were misrepresented to Plaintiffs' physicians such that the physicians "would not have recommended for use or prescribed [the subject prescription drugs] if they had known the true facts regarding [their safety]." (Doc. # 1, Ex. A, at ¶ 26). Plaintiffs correctly note, however, that pursuant to applicable Alabama procedural rules and factually similar rulings by other courts, the pleading of alternative theories of liability against manufacturer-defendants and treating physicians is not only permitted, but widely common. (Doc. # 12, at 6 (collecting cases)). Although discovery may yield evidence disproving the viability of one of Plaintiffs' alternative theories, that is not for the court to decide at this stage of the litigation.

Next, Eli Lilly argues that the broad nature of the allegations against the Defendant Doctors fail to comply with the specific pleading requirements of the AMLA.[5] That argument is addressed

---

[5] Alabama Code § 6-5-551 provides:

> In any action for injury, damages, or wrongful death, whether in contract or in tort, against a health care provider for breach of the standard of care, whether resulting from acts or omissions in providing health care, or the hiring, training, supervision, retention, or termination of care givers, the Alabama Medical Liability Act shall govern the parameters of discovery and all aspects of the action. The plaintiff shall include in the complaint filed in the action a detailed specification and factual description of each act and omission alleged by plaintiff to render the health care provider liable to plaintiff and shall include when feasible and ascertainable the date, time, and place of the act or acts. . . . Any complaint which fails to include such detailed specification and factual description of each act and omission shall be subject to dismissal for failure to state a claim upon which relief may be granted.

Ala. Code § 6-5-551 (2005). Although Plaintiffs have moved to amend their complaint to state their claims against the Defendant Doctors with more particularity (Doc. # 19), that amendment is not before the court at this time because federal jurisdiction is determined based upon the pleadings at

to the wrong court.  It is not for this court to decide whether Plaintiffs' complaint specifically complies with the AMLA; rather, this court must determine whether "there is even a possibility that **a state court** would find that the complaint states a cause of action against any one of the resident defendants." *Crowe*, 113 F.3d at 1538 (internal quotations omitted).  The court cannot conclude that there is **no** possibility that Plaintiffs' complaint could be amended or construed such that a state court would find that it states a claim under the AMLA.   In fact, in this case, there is more than a mere possibility – a state court **has already determined** that Plaintiffs' complaint states a claim against at least one of the non-diverse Defendant Doctors.[6]  (Doc. # 23, Exs. A, B).

Given the unique facts of this case, the court cannot say that at least one of Plaintiffs' medical malpractice claims against the non-diverse Defendant Doctors is not an arguable claim under Alabama law.  To conclude that fraudulent joinder exists in this case would be an impermissible overreach into the substance of Plaintiffs' medical malpractice claims.  Because the court finds that Eli Lilly has failed to carry its burden of showing by clear and convincing evidence that Plaintiffs have no possibility of succeeding on their medical malpractice claims, this case must be remanded.

## IV.   CONCLUSION

For the reasons stated above, the court finds that Eli Lilly has not met its heavy burden of demonstrating fraudulent joinder, and Plaintiffs' motion to remand is due to be granted.  The court will enter an order consistent with this Memorandum Opinion, lifting the stay and remanding this

---

the time of removal. *Legg v. Wyeth*, 428 F.3d 1317, 1322 (11th Cir. 2005) ("[T]he determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties.").

[6]Again, the court emphasizes that it does not view Judge Privett's ruling as dispositive, but it does find that it was correct.

case to the Circuit Court of Jefferson County, Alabama.  Given the court's lack of jurisdiction over this case, Defendant Gossman's motion to dismiss and Plaintiffs' motion to amend are for the state court to decide.

**DONE** and **ORDERED** this ___4th___ day of May, 2006.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE